Dear Ms. Burkett:
You requested an Attorney General's opinion regarding the Louisiana State Uniform Construction Code. More specifically, you asked whether the proposed ordinance, which allows a homeowner to execute an affidavit attesting to the fact that the house was built in compliance with the Louisiana State Uniform Construction Code, subject to a penalty, is an acceptable "enforcement method?
You informed this office that the proposed ordinance places the burden of inspection on the homeowner. Additionally, you advise that the Louisiana State Uniform Construction Code Council believes that these inspection services are necessary and should be performed by the local code official/code office.
The particular statute that you refer to in pertinent part reads (emphasis added):
 LSA R.S. 40:1730.21. Public policy for state uniformconstruction code A. The public policy of Louisiana is to maintain reasonable standards of construction in buildings and other structures in the state consistent with the public health, safety, and welfare of its citizens.
 B. This Part is enacted to enable the state of Louisiana to promulgate a state uniform construction code to govern the construction, reconstruction, alteration, and repair of buildings and other structures and the installation of mechanical devices and equipment therein. The state uniform construction code shall establish uniform performance standards *Page 2 
providing reasonable safeguards for health, safety, welfare, comfort, and security balanced with affordability for the residents of this state who are occupants and users of buildings, and will provide for the use of modem methods, devices, materials, and techniques. The state uniform construction code will encourage the use of construction materials of the greatest durability, lower long-term costs, and provide greater storm resistance.
Under LSA R.S. 40:1730.23, all municipalities and parishes in this state shall enforce only the construction codes provided for in this part. Moreover, LSA R.S. 40:1730.24 states that municipalities and parishes may establish agreements with other governmental entities of the state or certified[1] third-party providers to issue permits and enforce the state uniform construction code in order to provide the services required by this part. Buildings must be inspected in accordance with the codes in effect for the locality on the date of the issuance of the original building permit.[2] Since the underlying goal of the code is uniformity while providing reasonable safeguards, a municipal ordinance that allows a potentially unqualified homeowner to certify his own home's compliance with the code essentially bypasses the uniform construction code. A lay person should not be charged with the same responsibility and expertise of a certified official. Thus, it is an unacceptable method of enforcing the construction code.
Furthermore, the construction code does not prevent a municipality or parish from appointing and employing other council-certified personnel and assistants necessary to perform the required inspections and technical duties and prescribing fees for construction permits and inspections.[3] If a municipality is encountering a shortage of qualified code enforcement officers, then the parish is allowed to appoint other council certified assistants. In essence, the municipality has other resources that are qualified and capable of ensuring uniformity while providing reasonable safeguards.
Ultimately, the Louisiana State Uniform Construction Code Council is responsible for the registration of building codes enforcement officers pursuant to this Part.[4] When used in this Part "building codes enforcement officer" means a person employed by a public entity who is primarily responsible for the overall inspection *Page 3 
or enforcement of applicable building code requirements within the jurisdiction of the employer. The Council serves as the gatekeeper to ensure that the building code enforcement officers are registered. As such, the council is able to manage who is qualified for conducting inspections. Through its review of the application, the council is able to determine the requisite credentials. Here, the average homeowner or building owner is not likely able to exhibit the required inspection expertise.
As of January 1, 2007, no person may practice as a code enforcement officer in this state unless registered with the council. A person violating the provisions of this Part shall be guilty of a misdemeanor. Each day the violation continues is a separate offense.[5] If the council has reason to believe there is a violation, it may order the person to refrain from the conduct and apply for an injunction restraining the person from the conduct.[6] Under the proposed ordinance, the owner would practice as a code enforcement officer, which would violate this provision, and the certifying owner would be subject to a misdemeanor offense.
Accordingly, it is our opinion that a municipal ordinance that allows the homeowner or building owner to certify that his or her structure is in compliance with the Uniform Construction Code would violate the Louisiana State Uniform Construction Code. Thus, the proposed ordinance should be rejected.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to you or to the Board in the future.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:_________________________
 ANTHONY D. WINTERS
 Assistant Attorney General
 CCF, JR:ADW:jv
[1] A third-party provider shall be a Louisiana licensed architect or engineer or certified by the International Code Council for purposes of the emergency provisions of R.S. 40:1730.27. For purposes of plans review and inspections of a residential single-family dwelling, a certified third-party provider may also be a licensed contractor for purposes of the emergency provisions of R.S. 40:1730.27, provided however that no contractor shall inspect their own work.
[2] LSA R.S. 40:1730.33
[3] LSA R.S. 40:1730.25
[4] LSA R.S. 40:1730.34
[5] LSA R.S. 40:1730.36
[6] LSA R.S. 40:1730.37